**EDWIN'S, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 70–C–146.**

United States District Court,
W. D. Wisconsin.

Dec. 20, 1972.

**774**

---

Samuel Goldenberg, Alex Himmelman, Milwaukee, Wis., for plaintiff.

John O. Olson, U. S. Atty., Madison, Wis., D. Patrick Mullarkey, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JAMES E. DOYLE, District Judge.

1. I find as fact all of those facts set forth in the stipulation of the parties which has been stipulated as Exhibit 1, and all of those facts which have been set forth in the stipulation of the parties marked Exhibit 2, and also those facts which appear in the exhibits embodied in and incorporated in the stipulation which are Exhibits 1 and 2.

2. I find as fact all those facts which appear in the other exhibits offered by both of the parties, and in addition to and beyond the stipulations which are Exhibits 1 and 2.

3. The facts as are set forth in the defendant's Exhibits "K" and "L", namely the figures from the Source Book of the Statistics of Income, are as they appear in those exhibits.

4. All of the matters that have been testified to as fact by all of the witnesses in the case with respect to the financial records of Edwin's, Inc., Simpson's, and Carmen's, I find as fact.

5. All of those computations by the witness Ronald Ostrowski, which computations were based upon other facts received in evidence through other exhibits, I find as fact.

6. Edwin Marcus, Rose Marcus, and Jeff Marcus, as of the time in question, namely the fiscal year of Edwin's, Inc. ending January 31, 1966 and January 31, 1967, were each persons of very considerable experience in merchandising and people demonstrating skill in that work.

7. During the fiscal years of 1966 and 1967 of Edwin's, Inc., Jeff Marcus, although considerably younger, obviously had already acquired considerable experience in the mercantile business, and specifically in the business being conducted over those years and the preceding years by Edwin's, Inc., and during Edwin's, Inc. fiscal years of 1966 and 1967, Jeff Marcus was a person of considerable experience and demonstrated skill in the business.

8. During Edwin's, Inc. 1966 and 1967 fiscal years, Edwin Marcus, Rose Marcus, and Jeff Marcus devoted very considerable time and efforts to this business—on the order of 65 to 70 hours each week.

9. The work that Edwin Marcus, Rose Marcus, and Jeff Marcus did was responsible work in the management of the business, but it was also detailed work and involved day-to-day, hour-to-hour supervision of the other employees of Edwin's, Inc.

10. During Edwin's, Inc. fiscal years of 1966 and 1967 there were in existence and in operation in the City of Madison, approximately 180 miles distant from Eau Claire, two business operations, one of them called Carmen's and the other called Simpson's.

11. Carmen's and Simpson's were engaged in business activity reasonably comparable to that of Edwin's, Inc. in nature, and the approximate size of those operations, namely Carmen's and Simpson's, in terms of gross sales was reasonably comparable to Edwin's, Inc.

12. During Edwin's, Inc. 1966 and 1967 fiscal years, I find that the manager of Carmen's, Albert Goldstein, performed services which in quantity and by their nature were reasonably comparable to the services performed by Edwin Marcus and Rose Marcus, and were somewhat greater in terms of the responsibility exercised by Mr. Goldstein than the services being performed at the time by Jeff Marcus.

13. With respect to Carmen's during this comparable period, Mr. Nate Sudow performed services for Carmen's which were somewhat comparable to those performed by Edwin Marcus and Rose Marcus in Edwin's, Inc., but which were substantially lesser in quantity and considerably lesser in intensity.

14. With respect to Simpson's, during the comparable period, namely, during the 1966 and 1967 fiscal years of Edwin's, Inc. Mr. Thomas McGuire was performing services reasonably comparable to those performed by Edwin Marcus and Rose Marcus in quantity and reasonably comparable in terms of the nature of his functions.

15. During Edwin's, Inc. 1966–1967 fiscal years, the father of Thomas McGuire was performing services for Simpson's which were substantially less than those performed by Edwin Marcus and Rose Marcus for Edwin's, Inc., both in quantity and in the degree of responsibility involved.

16. During Edwin's, Inc. 1966 and 1967 fiscal years, basically the Edwin's, Inc. operation was more successful financially then Carmen's or Simpson's.

And as conclusions of law:

1. On the basis of the findings that the court has made, it was not unreasonable for Edwin Marcus to receive a salary of $24,000.00 in each of the two years in question, nor was it unreasonable for Rose Marcus to receive a salary of $24,000.00 in each of the two years in question, nor was it unreasonable for Jeff Marcus to receive a salary of $15,000.00 in Edwin's, Inc. 1966 fiscal year, and $18,000.00 in Edwin's, Inc. 1967 fiscal year. I find that these salaries were reasonable.

2. A bonus of twenty percent of the net profits before taxes was reasonable with respect to each of these parties, and the court notes that the percentage had been the percentage of the bonus for some six or more years prior to the years in question.

3. The claimed salaries and bonuses by Edwin Marcus, Rose Marcus, and Jeff Marcus for each of Edwin's, Inc. fiscal years of 1966 and 1967 were reasonable.

4. It is a legal question whether the court has to consider the amounts contributed by the corporation to the pension plan for the benefit of Edwin Marcus, Rose Marcus, and Jeff Marcus during Edwin's, Inc. 1966 and 1967 fiscal years, as compensation for purposes of the issue in this case. The court holds that those contributions to the pension plan are not to be considered as compensation for the purpose of the issues decided in this case. Therefore, the court does not consider those payments as a part of the compensation for the purpose of determining whether the compensation was reasonable.

5. The payments by Edwin's, Inc. of a salary and a bonus to Edwin Marcus and Rose Marcus, and the payment by Edwin's, Inc. of a salary to Jeff Marcus were reasonable.

Now, upon motion of Samuel Goldenberg, attorney for the plaintiff,

It is ordered, that judgment be entered in favor of the plaintiff, Edwin's, Inc. against the United States of America in the sum of $26,638.58, plus interest according to law, and its costs.